IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DANIMER SCIENTIFIC, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| | ) |
| METABOLIX, INC. | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR DECLARATION OF NONINFRINGEMENT
AND INVALIDITY OF PATENT

Plaintiff Danimer Scientific, LLC ("Danimer"), for its Complaint against Defendant Metabolix, Inc. ("Metabolix") alleges as follows:

JURISDICTION

1. Count I of this action is for a declaration of noninfringement and invalidity of patents under Title 35 of the United States Code. Subject matter jurisdiction for Count I is conferred on this court by 28 U.S.C. §§ 1338, 2201 and 2202.

2. On information and belief, Metabolix now has and at all times relevant hereto has had substantial, systematic, and continuous business contacts with the State of Georgia and with the Middle District of Georgia in connection with the development, sale, and/or offering for sale, of biodegradable polyesters which may be, and are, combined with other biodegradable polymers including polylactic acid polymers. In particular, Metabolix has conducted substantial, systematic, and continuous business with at least Heritage Plastics Inc., Newell Rubbermaid, Inc., and Optima Chemical Group LLC in the State of Georgia and with Danimer in the Middle District of Georgia.

3. These activities include, but are not limited to: (1) selling of biodegradable polyesters to Heritage Plastics which are subsequently blended with polylactic acid polymers; (2) selling of biodegradable polyesters to Newell Rubbermaid; (3) testing of biodegradable polymers

at Optima; and (4) discussions with Danimer regarding development of potential new biodegradable polymer products.

4. Employees and/or officers of Metabolix have traveled on multiple occasions to the State of Georgia, and in some instances to the Middle District of Georgia, for the purpose of meetings with Danimer in regard to biodegradable polymer technologies.  Metabolix has also entered into at least one nondisclosure agreement with Danimer during the course of these meetings in Georgia.

5. This court has personal jurisdiction over Metabolix.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## PARTIES

7. Plaintiff, Danimer Scientific, LLC, is a limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business at 1301 Colquitt Highway, Bainbridge, Georgia.

8. On information and belief Defendant, Metabolix, Inc., is a Delaware corporation, having a principal of business at 21 Erie Street, Cambridge, Massachusetts.

## BACKGROUND

9. Continuously since at least about 2004, Danimer has been and is now engaged in the business of designing, manufacturing, and selling polymeric resins which incorporate biodegradable polyester polymers including, but not limited to, polylactic acid polymers. (hereinafter "Danimer Products").

10. Danimer markets the Danimer Products to a number of customers in the United States including, but not limited to, International Paper Company of Memphis, Tennessee. (hereinafter "International Paper").

11. On March 9, 1999, the United States Patent and Trademark Office issued  United States Patent No. 5,889,199, entitled "Polylactic Acid-Based Blends", to Stephen P. McCarthy, Richard A. Gross, and Wenguang Ma.  Upon information and belief, McCarthy, Gross, and Ma have each assigned their interest in the '199 patent to the University of Massachusetts.  Upon information and belief, the University of Massachusetts has exclusively licensed the '199 patent to Metabolix.  A copy of the '199 patent is attached hereto as Exhibit A.

12. Metabolix has alleged that, the Danimer Products infringe one or more claims of the '199 patent.

13. Danimer denies the allegations of Metabolix that the Danimer Products fall under any of the claims of the '199 patent.

14. Danimer further contends that the '199 patent is invalid.

15. In connection with its arguments that the Danimer Products infringe the '199 patent, Metabolix filed suit against International Paper on July 14, 2010 in the United States District Court for the District of Massachusetts under Civil Action No. 1:10-CV-11176 ("hereinafter "Customer Action") alleging, among other things, that International Paper's sale of materials coated with the Danimer Products infringes the '199 patent.  In the Customer Action, Metabolix seeks, among other things, a "permanent injunction" against International Paper, "its officers, agents, servants, employees, and attorneys" as well as against unnamed "other persons."

16. Upon information and believe, Metabolix has declined to serve its Complaint upon International Paper in the Customer Action as of the filing date of this Complaint.

17. Danimer is not subject to personal jurisdiction in the United States District Court for the District of Massachusetts.

## COUNT I - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF PATENT

18. Danimer hereby restates the allegations of paragraphs 1 through 17 as if fully set forth herein and for its Count I states as follows:

19. The acts of Metabolix as alleged herein including, but not limited to, Metabolix's allegations that the Danimer Products infringe the '199 patent and its suit against Danimer's customer International Paper in the Customer Action, all arising from the manufacture, use sale and/or offer of sale of the Danimer Products, have created a present and actual controversy between Danimer and Metabolix concerning the matter of whether the Danimer Products infringe one or more of the claims of the '199 patent and whether the '199 patent is invalid.

20. The manufacture, use, sale and offer of sale of the Danimer Products does not infringe any of the claims of the '199 patent.

21.     The claims of the '199 patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

PRAYER FOR RELIEF

WHEREFORE, Danimer prays for relief from the court as follows:

1.      That the court declare that the manufacture, use, sale and offer of sale of the Danimer Products does not infringe any of the claims of the '199 patent.

2.      That the court enjoin and restrain Metabolix from and against threatening or filing or prosecuting any court actions against persons or entities making, using and/or selling the Danimer Products including, but not limited to, enjoining Metabolix from and against prosecuting the Customer Action until final disposition of this action.

3.      That the court declare the '199 patent invalid.

4.      That Danimer have such other and further relief as the court deems just.

July 30, 2010                                                     Respectfully submitted,

                                                                 MCCALL WILLIAMS WILMOT &
                                                                 POWELL, LLC

                                                                 s/ Alex J. Kaplan
                                                                 Alex J. Kaplan
                                                                 GA State Bar No. 406776
                                                                 W. Earl McCall
                                                                 GA State Bar No. 481250
                                                                 1101 Valley Road
                                                                 Post Office Box 71747
                                                                 Albany, Georgia 31708-1747
                                                                 Telephone: 229-888-2600
                                                                 Facsimile:  229-888-3330


                                                                 Attorneys for Danimer Scientific, LLC